Entered on Docket
January 09, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: January 09, 2007

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 06-41635
                                         Chapter 13
MARY GSCHWEND,

                      Debtor./

MEMORANDUM RE: MOTION TO DISMISS

    Creditor Barbara G. Markus ("Markus") has moved to dismiss this chapter 13 case. The court heard the matter on January 8, 2007. Debtor Mary Gschwend ("Gschwend") appeared in pro se, and Markus appeared through counsel. The court will grant Markus's motion to dismiss, but will stay the dismissal for a period of 20 days from service of the order of dismissal to provide Gschwend with the opportunity to file a confirmable chapter 13 plan.

    On January 2, 2003, Markus obtained a judgment against Gschwend in the California Superior Court, Contra Costa County. Numerous motions and appeals by Gschwend followed, by which she attempted to have the judgment vacated. None of these efforts were successful,

Memorandum

and on September 22, 2004, the California Supreme Court denied Gschwend's petition for review.

The superior court judgment became final in due course, and Markus attempted to collect. On September 14, 2006, Gschwend filed the chapter 13 petition herein. Markus filed a secured claim in the sum of $59,316, based on a judgment lien in her favor.

Gschwend's proposed chapter 13 plan provides for Gschwend to continue litigating the validity of Markus's claim against her, and during the litigation, to make payments to the chapter 13 trustee of $100 per month for a period of three years. The plan further provides that Gschwend will refinance some property and pay Markus in the event such litigation is not successful. Finally, the plan provides that Gschwend is to make direct payments to secured claimant Countrywide Home Loans. (Gschwend listed no unsecured claims.)

In her motion to dismiss, Markus argues that this is a bad faith filing by Gschwend. Markus argues that Gschwend shows a net worth in her schedules of some $1.3 million, has no unsecured claimants, has no apparent need for relief in respect of her two other secured claimants, and filed this case solely for purposes of delay. Markus also notes that Gschwend has had some four years to repay her judgment debt to Markus by refinancing property or otherwise. Markus also alleges that Gschwend has concealed assets by failing to list same in her schedules.

In her opposition, Gschwend asserted various reasons why she believes Markus's judgment against her is invalid. At oral

Memorandum 2

argument, she insisted that she be given a chance to challenge the superior court judgment through an adversary proceeding in the bankruptcy court.

The plan filed by Gschwend is not confirmable. The judgment in favor of Markus is final, and Gschwend may not challenge it or litigate the issues in this court. <u>In re Int'l Nutronics, Inc.</u>, 28 F.3d 965, 969 (9th Cir. 1994). <u>See also</u> 28 U.S.C. § 1738 (requiring federal courts to give full faith and credit to state court judgments); <u>Marrese v. Am. Acad. of Orthopaedic Surgeons</u>, 470 U.S. 373, 380, 105 S.Ct. 1327 (1985).[1]

Although this case has many of the earmarks of a bad faith filing, the court feels compelled by recent case law to provide Gschwend with an opportunity to amend her plan. <u>See</u> <u>In re Nelson</u>, 343 B.R. 671 (9th Cir. B.A.P. 2006). Accordingly, the court will stay dismissal for a period of 20 days following service of the order of dismissal on Gschwend. In the event Gschwend files a plan contemplating re-litigation of her debt to Markus, the dismissal will stand, the court reserving jurisdiction to enter such additional orders, if any, as may be appropriate. If, on the other hand, Gschwend files a plan providing for full payment of all

---

[1] The foregoing holds true even if a state court judgment is a default judgment. <u>In re Daghighfekr</u>, 161 B.R. 685 (9th Cir. B.A.P. 1993); <u>In re Nourbakhsh</u>, 67 F.3d 798 (9th Cir. 1995).

Memorandum 3

amounts she owes to Markus within a reasonable time,[2] the court will revisit dismissal and any other relevant issues.

The court will issue its order so providing.

** END OF ORDER **

---

[2] The court would assess what is reasonable with reference to the amount of time it might require a debtor acting in good faith, with due dispatch, to obtain a refinance loan.

Memorandum 4

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | |

3  Mary Gschwend
   4402 Marsh Elder Ct.
4  Concord, CA 94521

5  Martha G. Bronitsky
   P.O. Box 5004
6  Hayward, CA 94540-5004

7  U.S. Trustee
   Office of the U.S. Trustee
8  1301 Clay St. #690N
   Oakland, CA 94612

9
   Elliott Abrams
10 Law Offices of Elliott Abrams
   2033 North Main Street, Suite 750
11 Walnut Creek, CA 94596-3774

Memorandum                    5

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612